# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XEROX CORPORATION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SIMPLY SMASHING, INC.,<br><br>　　　　Defendant. | Case No. 1:13-cv-00395-LJO-SAB<br><br>ORDER TO SHOW CAUSE WHY CLERK'S ENTRY OF DEFAULT SHOULD NOT BE VACATED<br><br>(ECF Nos. 7, 8) |

　　　　Plaintiff Xerox Corporation filed this breach of contract action against Defendant Simply Smashing on March 18, 2013. (ECF No. 1.) On April 1, 2013, Plaintiff filed a proof of service showing the summons was served on March 27, 2013. (ECF No. 6.) On April 23, 2013, Plaintiff filed a request for entry of default against Defendant Simply Smashing, Inc. (ECF No. 7.) On April 25, 2013, a Clerk's entry of default was filed. (ECF No. 8.)

　　　　The Federal Rules of Civil Procedure provide for two ways to effectuate service on a corporation. Pursuant to Federal Rule of Civil Procedure 4(h), a corporation must be served "in a manner prescribed by Rule 4(e)(1) for serving an individual; or . . . by delivering a copy of the summons and of the complaint to an officer, a managing or general agent or any agent, authorized by appointment or by law to receive service of process. . . ." Rule 4(e)(1) provides that service may be effectuated by following the law of the state in which the service is to be made.

1  Under California law service of a corporation may be made by service on the person designated as agent for service of process or "the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager or a person authorized by the corporation to receive service of process." Cal.Code.Civ.P. §§ 416.10(a) and (b).  Under either method, service of a corporation must be made on either the agent for service or "a representative so integrated with the organization that he will know what to do with the papers." Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc., 840 F.2d 685, 688 (9th Cir. 1988) (citations omitted).

In this instance, Plaintiff's proof of service reflects that substituted service was effected by leaving a copy with Suzie Lavalle, whom Plaintiff describes as apparently in charge, at the business address, 40278 Oak Park Way, Oakhurst, California.  The individual to be served is identified as Timothy R. Fruehe, Agent for Service.  (Proof of Service of Summons 1, ECF No. 6.)  The Court takes judicial notice of the records of the California Secretary of State.  According to the California Secretary of State Business Portal, the agent for service of process for Defendant is Gregory M. Chappol, 49430 Road 726 #F, Oakhurst, California.[1]  California Secretary of State Business Entity Detail, http://kepler.sos.ca.gov/ (last visited April 24, 2013).

Rule 4 is flexible and should be liberally construed so long as it gives the party to be served sufficient notice of the complaint.  Direct Mail Specialists, Inc., 840 F.2d at 688.  Here, it is not clear that Plaintiff has properly executed service of process.  The Court finds two issues with the proof of service.  First, as discussed above, the individual to be served is not the agent for service identified on the California Secretary of State Business Portal, nor was the summons delivered to the address listed for the agent of service.  Second, while the summons indicates that substituted service was effected, the summons was left at the business address with Susie Levalle, whom is identified as "apparently in charge."  (ECF No. 6 at 1.)

Service will generally be sufficient when made on "an individual who stands in such a

---

[1] Judicial notice may be taken "of court filings and other matters of public record." Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

2

1  position as to render it fair, reasonable and just to imply authority on his part to receive service."
2  Direct Mail Specialists, Inc., 840 F.2d at 688.  While California law does provide for substitute
3  service by leaving a copy of the summons with an individual apparently in charge of a business,
4  Cal.Code.Civ.P. § 415.20(b), here it is not clear that Suzie Levalle was in a position of authority
5  sufficient to imply proper service for the corporation.

6      Based upon the information before the Court, it does not appear that the service of the
7  complaint in this action substantially complied with the California or Federal Rules of Civil
8  Procedure.  Plaintiff is seeking default judgment based on Defendant's failure to file an answer to
9  the complaint; however it is not clear to the Court that the service effected here provided
10 sufficient notice to Defendant of this action.  Based on the foregoing,

11     IT IS HEREBY ORDERED that, within ten (10) days from the date of service of this
12 order, Plaintiff shall show cause why the Clerk's entry of default should not be vacated.

15 IT IS SO ORDERED.

17 Dated:  **April 30, 2013**          UNITED STATES MAGISTRATE JUDGE