# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XEROX CORPORATION, | Case No. 1:13-cv-00395-LJO-SAB |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT BE GRANTED |
| v. | |
| SIMPLY SMASHING, INC., | |
| | (ECF No. 10, 18) |
| Defendant. | |
| | OBJECTIONS DUE WITHIN FOURTEEN DAYS |

## I.

## INTRODUCTION

Plaintiff Xerox Corporation filed a motion for default judgment on May 1, 2013. (ECF No. 10.) Defendant has not opposed the motion for default judgment. This matter was referred to the undersigned magistrate judge for findings and recommendations pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 303.

A hearing on Plaintiff's motion for default judgment took place on June 5, 2013. Marlene Habbell made a special appearance for Plaintiff, and Defendant did not appear. At the hearing, Plaintiff was ordered to file supplemental briefing regarding the interest sought in the complaint and a motion for attorney fees. On June 20, 2013, Plaintiff filed declarations addressing the amount of interest sought and waiving attorney fees.

Having considered the moving papers and declarations, and noting that Defendant has not

1

filed an opposition, the Court recommends that Plaintiff's motion for default judgment be GRANTED.

## II.

## BACKGROUND

This breach of contract action, based upon diversity jurisdiction, was filed on March 18, 2013. (ECF No. 1.) Defendant was properly served with the complaint, but failed to respond within the time prescribed by the Federal Rules of Civil Procedure. On April 25, 2013, default was entered against Defendant Simply Smashing, Inc. (ECF No. 8.) On May 1, 2013, Plaintiff filed a motion for default judgment. (ECF No. 10.)

Plaintiff's complaint alleges that on or about June 30, 2009, Plaintiff and Defendant Simply Smashing entered into a non-cancellable written equipment finance lease ("the agreement"). (Compl. ¶ 5, ECF No. 1.) Plaintiff contends that it has performed all the terms and conditions of the agreement, but Defendant defaulted in their obligations about May 19, 2012, by failing to make payments as required under the agreement. (Id. at ¶¶ 6, 7.) Plaintiff has now declared the entire amount of unpaid rental under the terms of the agreement immediately due and payable. (Id. at ¶ 7.) Under the agreement, the amount of the rental and other charges together with interest now due is $351,137.85. (Id. at ¶ 8.)

## III.

## LEGAL STANDARD FOR DEFAULT

Pursuant to Federal Rules of Civil Procedure 55, obtaining a default judgment is a two-step process. Yue v. Storage Technology Corp., No. 3:07-cv-05850, 2008 WL 361142, *2 (N.D. Cal. Feb, 11, 2008). Entry of default is appropriate as to any party against whom a judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and where that fact is made to appear by affidavit or otherwise. Fed. R. Civ. P. 55(a). After entry of default, the plaintiff can seek entry of default judgment. Fed. R. Civ. P. 55(b)(1) and (2).

An entry of default judgment is governed by Federal Rule of Civil Procedure 55, which allows the court to conduct hearings when necessary to enter or effectuate judgment. The

decision to grant a motion for entry of default judgment is within the discretion of the court. PepsiCo, Inc. v. California Security Cans, 238 F.Supp.1172, 1174 (C.D. Cal. 2002). The Ninth Circuit has set forth the following factors for the court is to consider in exercising its discretion:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Once default has been entered, the factual allegations in the complaint are taken as true, but the allegation regarding the amount of damages must be proven. See Fed R. Civ. P. 55(b)(2); Garamendi v. Henin, 683 F.3d 1069, 1080 (9th Cir. 2012).

## IV.

## DISCUSSION

Plaintiff alleges that it entered into a non-cancellable written equipment finance lease with Defendant; and Defendant has defaulted by failing to make payments pursuant to the lease agreement.

### A.     Prejudice to Plaintiff

The parties entered into a non-cancellable lease agreement and Defendant has failed to perform under the agreement. Plaintiff has no other alternative by which to recover damages suffered as a result of Defendant's breach of the agreement. Plaintiff would be prejudiced if a default judgment is not granted.

### B.     Merits of Plaintiff's Claim and Sufficiency of the Complaint

The Court shall consider the merits of the claim and sufficiency of the complaint together. "The Ninth Circuit has suggested that these two factors require that a plaintiff 'state a claim upon which the [plaintiff] may recover.' " PepsiCo, Inc., 238 F.3d at 1175.

#### 1.     Jurisdiction

District courts have original jurisdiction of all civil actions between citizens of different States in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). For the purposes of establishing diversity of citizenship,

3

a corporation is deemed to be a citizen of every state in which it has been incorporated and where it has its principal place of business.  28 U.S.C. § 1332(c)(1).

Plaintiff is a corporation incorporated under the laws of the State of New York and with its principal place of business in New York.  Defendant is a corporation incorporated in the state of California and with its principal place of business in California.  Plaintiff is seeking principal of $351,137.85 and interest of $59,913.36.  Since there is complete diversity of citizenship and the amount in controversy exceeds $75,000, the jurisdictional requirements have been met and the Court does have jurisdiction over this action.

2. Breach of Contract

A breach of contract action under California law requires the plaintiff to prove "(1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff."  Oasis West Realty, LLC v. Goldman, 51 Cal.4th 811, 821 (2011).

The first element has been met as Plaintiff has submitted the lease agreement entered into by the parties showing the terms of their agreement.  (Lease Agreement, ECF No. 2-1.)  In the complaint, Plaintiff states that it has performed all the terms and conditions of the agreement, however, Defendant defaulted in its obligation on May 19, 2012, by failing to make payments as required under the agreement.  (Compl. ¶¶ 6, 7.)  Plaintiff has alleged that it has been harmed because due to Defendant's default on the agreement, the entire amount of the unpaid rental is immediately due and payable, as well as interest at a rate of eighteen percent per annum from May 19, 2012.  (Id. at ¶¶ 7, 8.)  Since the factual allegations in the complaint are taken as true, Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977), the remaining elements have been met.  The Court finds that the complaint is grounded in a cognizable legal theory and the allegations in the complaint are sufficient to state a claim upon which Plaintiff may recover.  PepsiCo, Inc., 238 F.3d at 1175.

**C.   Amount of Damages**

The court is to consider the amount of damages in relation to the seriousness of the defendant's conduct.  PepsiCo Inc. 238 F.Supp.2d at 1177.  Plaintiff is seeking principal of

4

$351,137.85; interest of $59,913.36; and costs of $410.00.[1]  (Proposed Order on Motion for Default Judgment 1, ECF No. 10-2.)  The parties agreed to the terms of the lease agreement, and due to Defendant's failure to abide by the agreed upon terms, the amount due pursuant to the lease agreement is in excess of $400,000.  This factor weighs in favor of granting default judgment.

### D.      Possibility of Dispute

The court is to consider the possibility of a dispute as to any fact material to the case.  PepsiCo, Inc. 238 F.Supp.2d at 1177.  Since the well pleaded allegations in the complaint are taken as true, no genuine issue of material fact is likely to exist.  DIRECTV, Inc. v. Huynh, 503 F.3d 847, 854 (9th Cir. 2010).  Therefore, this factor weighs in favor of granting default judgment.

### E.      Possibility of Excusable Neglect

Additionally, the court is to consider the possibility that the default is the result of excusable neglect.  PepsiCo, Inc. 238 F.Supp.2d at 1177.  The Court previously issued an order to show cause to determine whether Defendant in this action had been properly served.  (ECF No. 9.)  In response to the order to show cause, Counsel Robert L. Pollak stated that he spoke with the President of Defendant Simply Smashing, Timothy Fruehe, who informed him that Defendant would not be defending this action and would allow a default judgment to be entered against the corporation.  (Decl. of Robert L. Pollak ¶ 2, ECF No. 12-1.)  Since Defendant is aware of this action and has declined to defend, this factor weighs in favor of granting default judgment.

### F.      Policy Favoring Deciding Suits on the Merits

The general rule is that default judgments are disfavored and cases should be decided on the merits whenever reasonably possible.  Westchester Fire Ins. Co. v. Mendez, 585 F.3d 1183, 1189 (9th Cir. 2009).  However, the existence of Rule 55(b) indicates that this preference is not dispositive.  PepsiCo, Inc. 238 F.Supp.2d at 1177.  In this instance, Defendant has chosen not to defend in this action and making a decision on the merits is impracticable.  Rule 55(a) allows an

---

[1] Plaintiff was originally seeking $25,000 in attorney fees, however in the declaration filed June 19, 2013, Plaintiff has waived the entitlement to attorney fees.  (ECF No. 18.)

action to be terminated whenever a defendant fails to defend an action. Therefore, the Court may enter default judgment against the defaulting defendant. The policy favoring decision on the merits weighs in favor of granting default judgment.

### G.     Summary of Factors

Plaintiff would be prejudiced if default judgment is not granted. The complaint is based upon a cognizable legal theory and sets forth sufficient facts to state a claim upon which Plaintiff could recover. The amount of damages is based upon the agreement entered into by the parties. Default has been entered against Defendant, and accordingly, the well pleaded allegations are deemed admitted, therefore there are no factual allegations in dispute. There is no possibility that Defendant's default is due to excusable neglect as Defendant is aware of this action and has chosen not to defend. Since Defendant has chosen not to defend, deciding the action on the merits is impractical. The Court finds that, based upon consideration of the Eifel factors, default judgment against Defendant is appropriate in this action.

### H.     Damages

In granting default judgment, the damages awarded by the court must not exceed the amount that is demanded in the pleadings. Fed. R. Civ. P. 54(c). Under the law of contracts the party that has been injured by the breach of contract "should receive as nearly as possible the equivalent of the benefits of performance." Lisec v. United Airline, Inc., 10 Cal.App.4th 1500, 1503 (1992) (quoting 1 Witkin, Summary of Cal. Law, Contracts § 813, pp.732-33 (9th ed. 1987)). The amount of damages alleged in the complaint is not taken as true, but must be proven. Geddes, 559 F.2d at 560. A full scale evidentiary hearing on a default judgment is not required in every case. See Fed. R. Civ. P. 55(b)(2); James v. Frame, 6 F.3d 307, 310 (5th Cir. 1993). The amount of damages may be fixed by affidavits or declarations. See Davis v. Fendler, 650 F.2d 1154 (9th Cir. 1981).

In the complaint, Plaintiff is seeking default judgment and damages for principal in the amount of $351,137.85; interest in the amount of $59,913.36; and costs of $410.00.[2] (Proposed

---

[2] Plaintiff was originally seeking $25,000 in attorney fees, however, in the declaration filed June 19, 2013, Plaintiff has waived the entitlement to attorney fees. (ECF No. 18.)

Order on Motion for Default Judgment 1, ECF No. 10-2.) Attached to Plaintiff's complaint is a lease agreement dated June 30, 2009, setting forth the monthly lease amounts and per print charges agreed to under the lease. (ECF No. 2-1.) The Court has reviewed the lease agreement and finds that Plaintiff has proved the principal due of $351,137.85. Additionally, the docket shows that Plaintiff submitted $350.00. to file this action, (ECF No. 3), and Plaintiff has submitted the proof of service of the summons showing the fee for service was $60, (ECF No. 12-2 at 5.) Plaintiff has proved costs of $410. In the supplemental briefing, Plaintiff sets out the interest calculation on the principal balance remaining on the contract. The interest accrued through May 1, 2013, is $59,913.36. (Decl. Regarding Calculation of Interest ¶ 2, ECF No. 18.)

The Court finds that Plaintiff has proved damages in the amount of $411,461.21.[3]

## V.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court HEREBY RECOMMENDS that Plaintiff's motion for entry of default judgment, filed May 1, 2013, be GRANTED in the amount of $411,461.21, which consists of principal in the amount of $351,137.85, costs in the amount of $410.00, and interest in the amount of $59,913.36.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen (14) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28

///

///

---

[3] Principal of $351,137.85 + Costs of $410.00 + Interest of $59,913.36 = $411,461.21.

U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **June 24, 2013**

UNITED STATES MAGISTRATE JUDGE